## No. 11,997.

### ATHENS CONFECTIONS AND CANDIES COMPANY *v.* KEITHLINE.

Decided March 19, 1928.

Action on account.  Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.   PRINCIPAL AND AGENT—*Authority of Agent.*  Where the only duties and authority of the driver of a milk wagon are to deliver milk, render and collect accounts, he has no authority to settle an account for less than the amount due thereon.

2.   *Acts of Agent—Ratification by Principal.*  The acceptance by a principal of a check given to a driver in payment for milk, did not constitute a ratification of the act of the driver in receiving it in settlement of account for less than the amount due thereon, where the principal had no knowledge of the claimed settlement.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. JOHN HORNE CHILES, Mr. JACOB L. SHERMAN, for plaintiff in error.

Mr. JOE D. NEFF, for defendant in error.

*Department One.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THE parties appear here in reverse order from that in the trial court.  When not otherwise designated herein, the parties will be referred to as in the lower court.

The plaintiff recovered judgment against the defendant for $681.55, on an account for milk delivered to the defendant covering a period of several months in 1925, and for the month of January, 1926. The defendant pleaded accord and satisfaction. To review an adverse judgment the defendant brings error, and asks for a supersedeas.

The plaintiff, during the times mentioned, was the sole owner of the Iowa Dairy Company, and her son, Leslie, was the driver of her milk wagon, and made the daily deliveries of milk at the defendant's place of business. Leslie kept the account book of the quantities of milk delivered by him to each customer, and on February 1, 1926, made a statement of account, and delivered it to the defendant, which showed a balance of $707.20 due to the plaintiff up to January 1, 1926. On this statement he entered a separate item of $86.80, for milk delivered during the month of January, 1926, which made a total of $794.00.

It appears from the transcript that a few days thereafter John Dikeou, the president and manager of the defendant company, and his brother, Theodore, the secretary and treasurer, accosted young Keithline, at the defendant's place of business, with the accusation that he was charging the defendant with having received more milk than he, Keithline, had delivered to it, and threatened to have him arrested, prosecuted, fined and imprisoned, and to have his milk license revoked unless he signed a receipt in full for all the milk delivered to date.

During the altercation the president and manager of the defendant company drew a check, dated February 1, 1926, for $86.80, which was the precise amount of the bill for January, and wrote at the bottom thereof: "Payment for milk service in full to date." This check, with the indorsement of payment in full on its face, young Keithline accepted, and, at the same time, in compliance with the demands of both the Dikeous, signed his name

on the face of the statement of account rendered to the defendant, as follows: "Paid. L. Keithline. Feb. 4, 1926."

This receipted statement of account, and the endorsement of the above check was the basis of the defendant's plea of accord and satisfaction. The evidence was insufficient to sustain this defense. We search the record, in vain, for any authority of the driver of the milk wagon, other than to deliver milk and render statements of account to customers of the quantities of milk delivered, and to receive therefor payment in cash or by check.

In the absence of special authority in Leslie the attempted settlement by the Dikeous with the driver was a vain and futile act. The driver was merely an agent to deliver milk and to receive payment therefor in cash or by check. He was without authority to absolve the defendant from its debt or liability.

The record shows that the plaintiff knew nothing of the above transaction, or of the state of her account with the defendant, or of the defendant's indebtedness to her, and under such circumstances the acceptance of the check by the plaintiff did not constitute a ratification. We find no reversible error in the record. The supersedeas is denied, and the judgment must be affirmed, and it is so ordered.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE BURKE, and MR. JUSTICE WALKER concur.